## MARGARET R. NORTON, APPELLANT, *v.* ROBERT MACKIE AND SIMON F. MACKIE, RESPONDENTS.

*Security for costs — Resident aliens.*

The statute requiring non-residents to give security for costs in actions brought by them, does not require such security to be given by aliens residing in this State, unless such residence is shown to be merely temporary.

APPEAL from an order requiring the plaintiff to file security for costs as a non-resident.

*Dennis McMahon*, for the appellant.

*James K. Hill*, for the respondents.

BRADY, J. :

The plaintiff in this action, if a resident of this country, could not register her vessel as the owner of a British ship unless a member of some British factory or agent for or partner in a home copartnership actually carrying on trade in Great Britain or Ireland. (Abbott on Shipping [7th Am. ed.], page 83.) The affidavit of the plaintiff, disclosed on the motion, may be regarded as a declaration that she still continued to be a British subject, and that might be although her residence was in the State of New York. She would

not have the right to avail herself of the privilege of her nationality in relation to ships, etc., during the continuance of her foreign residence, but if she did so it would not destroy the fact of such foreign residence. In other words, although the formula which the plaintiff went through in reference to her vessel may have been improper, because she did not disclose the fact of her residence out of the dominion of Great Britain; nevertheless she may have been, at the time of her declaration, a resident of this city, and such seems to have been the fact. The statute in reference to a security for costs does not apply to resident aliens unless such residence is clearly temporary, which is not the case here. The plaintiff swears that she has resided in this city since June, 1875, and has not had any idea of making any other country or State her permanent place of residence; and this gathers support from the fact that her husband is a native of this State, and a resident of this city, doing business here. The seeming inconsistency between her avowed residence here and her claim as a British subject for purposes which can be claimed only by residents of Great Britain or her colonies, except under special circumstances, which do not appear to exist herein, impressed the learned justice presiding at the Special Term and led him away from the real question involved, namely, that of residence. There can be no doubt that, residing with her husband in this city, without any intention to depart hence, or make any other place her residence, she was not within the purview of the statute.

It cannot be questioned, either, that an alien resident, temporarily here, would be within its provisions. There are many old and permanent residents of this city who have not become citizens of this country, and have not, therefore, enjoyed the blessings of our government. They are not, however, for this reason, subjected, in the prosecution of their demands, to any extraordinary procedure. The order made in this action should, for these reasons, be reversed without prejudice to the right of the defendants to renew it, if the circumstances existing warrant it, or any new facts be developed which fortify the attitude taken by them.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed.